IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

        *Plaintiffs,*

    v.

DONALD J. TRUMP FOR PRESIDENT, INC. ET AL.,

        *Defendants.*

Case No. 1:17-cv-1370-ESH

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Defendant Donald J. Trump for President, Inc. opposes Plaintiffs' motion for leave to file a surreply. "Surreplies are generally disfavored." *Banner Health v. Sibelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). They should be all the more disfavored here, where the Court has already granted Plaintiffs leave to file a 70-page instead of a 45-page opposition, and has already allowed three amici to file three further briefs amplifying Plaintiffs' arguments.

Plaintiffs claim that they should have the chance to file a surreply so that they can "addres[s] a handful of arguments that are raised or emphasized for the first time in Defendants' reply briefs." (ECF No. 46 at 1.) But the Campaign's reply does not assert a new ground for dismissing Plaintiffs' complaint—such as a new procedural defect

1

never identified in the motion to dismiss. The reply simply answers the points made in Plaintiffs' opposition. To be sure, some of these answers involve making or emphasizing fresh arguments. But that is what reply briefs inherently do. After all, there is no point to filing a reply that simply repeats the opening brief. Unless we are to have endless briefing, a litigant's failure to anticipate a counterargument later raised in a reply does not justify granting leave to file a surreply.

What is more, one part of Plaintiffs' surreply—the section that addresses *Bartnicki v. Vopper*, 532 U.S. 514 (2001)—is indefensible even on Plaintiffs' own reasoning. The Campaign's opening brief highlighted *Bartnicki*, discussed it at length, and even flagged it in the table of authorities as a principal case. (ECF No. 20 at ii, 22–26.) Plaintiffs should have addressed *Bartnicki* in their opposition, giving the Campaign a chance to address any purported distinction of that case in its reply. Yet instead, Plaintiffs filed an opposition that never even cites, let alone discusses, *Bartnicki*. Only now, after the Campaign has already filed its reply, do Plaintiffs seek leave to file a surreply to explain why they think "this case is … unlike *Bartnicki*" and why "[*Bartnicki*'s] holding was narrow." (ECF No. 46-1 at a 5.) There is simply no justification for this late-breaking attempt to address a case that the Campaign raised and emphasized in the opening brief, but that Plaintiffs entirely ignored in the opposition. Indeed, unless the Court wishes to add a sur-surreply to the already large stack of briefs in this case, Plaintiffs' surreply directly prejudices the Campaign, depriving it of the opportunity to respond to Plaintiffs' attempts to distinguish *Bartnicki*—an op-

2

portunity that the Campaign *would* have had if Plaintiffs had identified those distinctions in their opposition. Plaintiffs transparent effort to deny Defendants an opportunity to reply should not be tolerated, much less rewarded with a surreply.

We therefore respectfully request that the Court deny leave to file a surreply.

Dated:  January 22, 2018

Jeffrey Baltruzak (PA Bar No. 318156)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Respectfully submitted,

/s/ Michael A. Carvin
Michael A. Carvin (DC Bar No. 366784)
  *Counsel of Record*
Vivek Suri (DC Bar No. 1033613)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:  January 22, 2018                    /s/ Michael A. Carvin
                                                     Michael A. Carvin
                                                     *Counsel for Donald J. Trump for President, Inc.*