UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY COCKRUM; SCOTT COMER; and ERIC SCHOENBERG,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.; and ROGER STONE,<br><br>Defendants. | Civil Action No. 17-1370 (ESH) |

## MEMORANDUM OPINION AND ORDER

Before the Court is David Golden's (alias G., Jeremy Thundercloud, Johny Bigfish, (hereinafter "Mr. Golden")) motion to intervene, ECF No. 51. On February 26, 2018, Mr. Golden moved "to intervene as of right, or alternatively by permission, to assert claims against plaintiffs." (Mot. to Intervene, ECF No. 51, at 2.) On March 8, 2018, the parties to this case filed a joint opposition to Mr. Golden's motion to intervene. On March 22, 2018, Mr. Golden filed a reply. After consideration of the briefing and for the reasons that follow, the Court **DENIES** the motion.

Plaintiffs in this case are two DNC donors (Cockrum and Schoenberg) and a former DNC employee (Comer). They brought this action against (1) Donald J. Trump for President, Inc. ("the Trump Campaign"); and (2) Roger Stone, an individual who has been employed by the Trump Campaign. Plaintiffs bring multiple claims asserting that defendants engaged in a conspiracy with Russian agents and WikiLeaks to publish hacked emails that violated plaintiffs' privacy rights under D.C. law, and their right to give support or advocacy to their chosen

political candidate under 42 U.S.C. § 1985(3).  (Pls.' Am. Compl. ("Compl."), Sept. 26, 2017, ECF No. 17, ¶¶ 25–26.)  Mr. Golden alleges that he "was a former bridge inspector, licensed engineer, and whistleblower employed by the Washington State Department of Transportation who fraudulently had his career destroyed by the 'Democratic' party (aka the illuminati)."  (Mot. to Intervene, ECF No. 51, at 2.)

> The Court must permit Mr. Golden to intervene as of right if he
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Mr. Golden claims a right to intervene under 18 U.S.C. § 1513(e), but that statute gives him no such right.  Furthermore, Mr. Golden does not have an interest relating to the property or transaction that is the subject of the action.  *See 100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269, 275 (D.D.C. 2014) (describing the Rule 24(a) standard). Mr. Golden's allegations are hard to follow, but appear to concern allegations of wrongdoing by his former employer, the Washington State Department of Transportation, and have no connection to this case.  Mr. Golden broadly alleges that he "has been damaged by fraud and libel so that the 'Democratic' party could launder $70 billion to the labor unions.  And G. [Mr. Golden] cannot obtain any relief without intervention into the present lawsuit as the courts are all corrupt and do not follow the law."  (Mot. to Intervene, ECF No. 51, at 7.)  This Court notes that it intends to follow the law in disposing of this suit, but in any event, Mr. Golden does not have an interest in this action and will not be impaired by the disposition of this action.

> The Court may permit Mr. Golden to intervene if he
>
> (A) is given a conditional right to intervene by a federal statute; or

2

(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).  Mr. Golden has no conditional right to intervene granted by federal statute and his claims do not share common questions of law or fact with the instant suit.

For the reasons stated above, Mr. Golden's Motion to Intervene is **DENIED**.

/s/    *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 28, 2018