IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

          *Plaintiffs*,

    v.

DONALD J. TRUMP FOR PRESIDENT, INC.
ET AL.,

          *Defendants*.

Case No. 1:17-cv-1370-ESH

**DEFENDANT ROGER STONE'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE EMAILS UNDER SEAL**

Defendant ROGER STONE requests this Court deny Plaintiffs' motion for leave to file emails under seal (ECF No. 58) because the documents they wish to seal are already available public documents.

**RESPONSE**

At the May 17, 2018 hearing, on the Defendants' motions to dismiss, this Court allowed Plaintiffs to supplement the record in order to offer further specificity regarding the issues of personal jurisdiction and their D.C. common law claims. When the Court granted permission to Plaintiffs for filing of documents, defense counsel objected to what would be new filings post-briefing. The Court overruled the objection stating that the Court is asking for documents that are public records and therefore technically not new filings. Plaintiffs, however, have filed these public documents under seal and request this Court to maintain the sealed status of public documents. Defendant Stone objects to these documents filed under seal.

Plaintiffs cited the factors that the District Court should consider when determining whether to seal documents filed with the Court. Those factors weigh strongly in favor of public disclosure and against sealing. *EEOC v. National Children's Center Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

(1) the need for public access to the documents at issue;

If the Court considers the documents filed under seal in its ruling, the need for public access increases. *Id.* There is a presumption that the public documents should remain public. *Id.* at 330 (citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980)). The question remains why the public documents should now fall under a façade of confidentiality. Plaintiffs' selection of documents to draw attention to the Court is due to the inadequacy of the allegations in the amended complaint. The public has a right to view and know why Plaintiffs' believe certain public documents supporting their lawsuit is sufficient to survive motions to dismiss when without them, it would not.

(2) the extent of previous public access to the documents;

Plaintiffs in their complaint claim their emails and personal information cannot attain a greater status -- "public." Indeed, the motion itself declares the attached emails are "published." (Motion, ECF No. 58 at 3) ("The attached emails represent only a small sample of the thousands of Mr. Comer's emails that were published on the Internet. . ."). Wikileaks allows anyone to search within the documents publicly disclosed – including all Plaintiffs'. Meaning, type in the name "Comer" in Wikileaks' search engine and Comer's documents will be retrieved and displayed, including the ones Plaintiffs filed under seal.

(3) the fact that someone has objected to disclosure, and the identity of that person;

Plaintiffs have objected to disclosure even though the documents have and are available for public disclosure.

(4) the strength of any property and privacy interests asserted;

Public documents have no property or privacy interests. Plaintiffs complain that if their emails are highlighted to support their claim, it will hurt their privacy further. But the harms Plaintiffs claim have already been felt to the point where they filed this lawsuit. Certainly they calculated that disclosure would be highlighted as the case proceeded.

(5) the possibility of prejudice to those opposing disclosure;

This case is alleged in the context of a presidential campaign and those who participated in democracy. The public would be prejudiced if suddenly a public lawsuit where Plaintiffs' authorized a press release[1] marketing the lawsuit now claims certain aspects of that lawsuit should be kept from the public. The possibility of prejudice to Plaintiffs (the parties opposing disclosure) is slight since we are discussing documents that are in the public domain.

(6) the purposes for which the documents were introduced during the judicial proceedings.

The purpose of the documents introduction is to support the sufficiency of Plaintiffs' amended complaint. They were referenced in the amended complaint but not submitted by Plaintiffs concurrently. These emails are the purported showing of injury in which Plaintiffs' rely upon to support their emotional distress, privacy, and perhaps their civil rights causes of action. If Plaintiffs have their way, a jury would see these documents. There is no reason to keep these public documents sealed now. Finally, the Court should reject those causes of action as insufficient, after review of those emails, and based upon the law cited in Defendants' briefs.

---

[1] https://protectdemocracy.org/privacylawsuit/

These are Plaintiffs' own words and words that have already been publicly release by Wikileaks, not by a defendant in this matter. Plaintiffs premise upon which this Court is asked to seal documents is there are private elements to the emails regardless of its availability to the public. While this undercuts Plaintiffs' common law causes of action, it furthermore does not justify a confidential filing with this Court.

| | |
|---|---|
| L. Peter Farkas | Robert C. Buschel** |
| (DDC Bar No. 52944) | *Counsel of Record* |
| HALLORAN FARKAS & KITTILA, LLP | (FL Bar No. 0063436) |
| 1101 30TH STREET, NW | BUSCHEL GIBBONS, P.A. |
| SUITE 500 | ONE FINANCIAL PLAZA – SUITE 1300 |
| WASHINGTON, DC 20007 | 100 S.E. THIRD AVENUE |
| (202) 559-1700 | FORT LAUDERDALE, FL 33394 |
| PF@HFK.LAW | (954) 530-5301 |
| | BUSCHEL@BGLAW-PA.COM |

Grant J. Smith**
(FL Bar No. 935212)
STRATEGYSMITH, P.A.
401 EAST LAS OLAS BOULEVARD
SUITE 130-120
FORT LAUDERDALE, FL 33301
(954) 328-9064
GSMITH@STRATEGYSMITH.COM

*Counsel for Roger Stone*
(** *appearing Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I certify that on May 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated: May 21, 2018  /s/ Robert C. Buschel
Robert C. Buschel
*Counsel for Roger Stone*