# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

        *Plaintiffs*,

v.

DONALD J. TRUMP FOR PRESIDENT, INC., ET AL.,

        *Defendants*.

Case No. 1:17-cv-1370-ESH

## DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO SEAL

Jeffrey Baltruzak
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Michael A. Carvin
   *Counsel of Record*
Vivek Suri
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

Defendant Donald J. Trump for President, Inc. (the Campaign) respectfully opposes Plaintiffs' motion to submit a set of WikiLeaks emails under seal (Dkt. No. 58).

**1.** As an initial matter, the Campaign continues to object to allowing Plaintiffs to submit emails *at all*, under seal or not. Litigants must present their arguments "at the first appropriate opportunity," and they forfeit their contentions if they fail to do so. *United States v. Hunter*, 786 F.3d 1006, 1011 (D.C. Cir. 2015). Plaintiffs had an opportunity to submit any emails that they wanted the Court to consider when they filed the complaint, again when they amended the complaint, a third time when they filed their opposition to the Campaign's motion to dismiss, and once more when they filed their surreply. Each time, they spurned their chance. Instead, they waited until after the briefing had been completed, until after the hearing had been held, to submit *138 pages of exhibits* for the first time. Plaintiffs' delay has seriously prejudiced the Campaign, depriving it of the opportunity to address these emails in its motion-to-dismiss briefs and at the hearing.

**2.** The Campaign also objects to sealing the emails submitted by Plaintiffs, because the emails are already available to the public.

The First Amendment protects a "right of public access" to judicial records and proceedings. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986). The public also enjoys "a common-law right of access to judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This "tradition of public access" "serves to produce an informed and enlightened public opinion" and is thus "fundamental to a democratic state." *Metlife, Inc. v. Financial Stability Oversight Council*,

865 F.3d 661, 665 (D.C. Cir. 2017). Public access also protects the courts themselves by promoting public "confidence" in "the integrity of judicial proceedings." *Id*. "In light of these considerations, there is a strong presumption in favor of public access to judicial proceedings." *Id*.

Plaintiffs cannot overcome that presumption here, because all of the emails they want to seal are already public and remain freely available on WikiLeaks. Plaintiffs concede that in their motion. (Mot. at 2; *see also* Am. Compl. ¶¶ 1, 17 (WikiLeaks has already "published [the emails] to the entire world," where they "remain permanently available to anyone with access to the internet.")) There is no legal basis for sealing materials that are already exposed to anyone who wants to read them. *See, e.g.*, *United States v. Nichols*, 594 F. Supp. 2d 1116, 1130–31 (C.D. Cal. 2008) ("Even if it were confidential at one time, the Email is no longer a secret: … the parties, the press, and the public know its contents. The Court cannot keep secret what is already public. Because the contents of the Email are now a matter of public record, no compelling justification exists for keeping [it] under seal"); *In re C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, 2013 WL 2156599, at *5 (S.D.W. Va. May 17, 2013) (refusing to seal already public emails, even though "the content of these emails may be embarrassing," because "there is no compelling governmental interest in protecting information that is already public"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("There is no justification for keeping the information that has already been made public under seal"); *In re Buhler-Miko*, 2011 WL 612065, at *2 (Bankr. D.D.C. Feb.

11, 2011) ("In light of the already public nature of the record … I do not find this is an appropriate case for sealing"). Simply put, it makes no sense to seal the emails when the very crux of Plaintiffs' theory of liability—public disclosure of private facts—is that these same emails have been disclosed to the world.

Moreover, in order for the public to have confidence in the court's resolution of the case and for other courts to review the court's decision, they must know which emails the case is about. Without knowing which emails the plaintiffs are suing over, neither the public nor other courts can determine whether (for instance) the information contained in those emails truly fits within the scope of the tort of public disclosure of private facts. *See Metlife*, 865 F.3d at 665 (emphasizing that the propriety of sealing turns in part on the "purposes for which the documents were introduced during the judicial proceedings").

Plaintiffs argue that the information in these emails is "private" and "confidential." It is well established, however, that one suffers no legally cognizable intrusion upon privacy when someone "merely gives further publicity to information … that is already public." Restatement (Second) of Torts § 652D. Plaintiffs thus have no legally cognizable interest in denying "further publicity" to emails that are "already public." And even if they had such an interest, "[the] interest in preventing further dissemination of … already public information … is not sufficient to override the public's constitutional right … to understand and scrutinize the Court's legal analysis and conclusions." *Nicholas*, 594 F. Supp. 2d at 1131.

**3.** In any event, Plaintiffs argument fails on its own terms. None of these work emails contains severely embarrassing, intimate facts about Plaintiffs. Many of them address routine office matters. *See, e.g.*, Exs. 16, 28. Many do not even concern Mr. Comer. *See, e.g.*, Exs. 9, 15, 30. And many deal with public issues that have already been covered by the press. *See, e.g.*, Exs. 18, 25; Kiersten Willis, *DNC Staffers Exposed for Making Fun of Black Woman's Name in Wikileaks Emails*, Atlanta Black Star, atlantablackstar.com/2016/07/28/dnc-staffers-exposed-for-making-fun-of-black-womans-name-in-wikileaks-emails.

The Court should therefore deny the motion to submit the emails under seal.

Dated:  May 21, 2018

Jeffrey Baltruzak (PA Bar No. 318156)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Respectfully submitted,

/s/ Michael A. Carvin
Michael A. Carvin (DC Bar No. 366784)
  *Counsel of Record*
Vivek Suri (DC Bar No. 1033613)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:  May 21, 2018 /s/ Michael A. Carvin

Michael A. Carvin
*Counsel for Donald J. Trump for President, Inc.*