# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

                *Plaintiffs*,

     v.

DONALD J. TRUMP FOR PRESIDENT, INC., ET AL.,

                *Defendants*.

Case No. 1:17-cv-1370-ESH

---

## DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

---

Jeffrey Baltruzak
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Michael A. Carvin
  *Counsel of Record*
Vivek Suri
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

Defendant Donald J. Trump for President, Inc. (the Campaign) respectfully requests leave to file a two-page supplemental memorandum addressing the relevance of *Ex parte Yarbrough*, 110 U.S. 651 (1884); *Arizona Democratic Party v. Arizona Republican Party*, 2016 WL 8669978 (D. Ariz. Nov. 4, 2016); *North Carolina Democratic Party v. North Carolina Republican Party* (M.D.N.C. Nov. 7, 2016) (Dkt. 57-2); and *Daschle v. Thune* (D.S.D. Nov. 2, 2004) (Dkt. 57-3). The Campaign has had no opportunity to respond in writing to Plaintiffs' reliance on any of these cases. Plaintiffs cited *Yarborough* for the first time in their surreply brief (Dkt. 50), and emphasized it for the first time at the hearing. Plaintiffs cited the remaining three cases in a filing made after the hearing. (Dkt. 57.)

A copy of the proposed supplemental memorandum is attached. Plaintiffs' counsel have informed the Campaign that Plaintiffs do not oppose this motion.

Dated:  May 24, 2018

Jeffrey Baltruzak (PA Bar No. 318156)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Respectfully submitted,

/s/ Michael A. Carvin
Michael A. Carvin (DC Bar No. 366784)
  *Counsel of Record*
Vivek Suri (DC Bar No. 1033613)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:  May 24, 2018                                        /s/ Michael A. Carvin
                                                                              Michael A. Carvin
                                                                              *Counsel for Donald J. Trump for President,*
                                                                              *   Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

                *Plaintiffs*,

v.

DONALD J. TRUMP FOR PRESIDENT,
INC., ET AL.,

                *Defendants*.

Case No. 1:17-cv-1370-ESH

---

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

---

Jeffrey Baltruzak
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Michael A. Carvin
  *Counsel of Record*
Vivek Suri
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

The Trump Campaign has explained that a claim under 42 U.S.C. § 1985(3) requires state action if the predicate constitutional guarantee also requires state action. (Mot. to Dismiss, Dkt. 20 at 42.) That means that a plaintiff alleging interference with the right to *advocate* must show state action, since the First Amendment covers only state action. In contrast, a plaintiff alleging interference with the right to *vote* need not show state action, since the Constitution protects voting even against some private conduct. (Reply, Dkt. 42 at 29.) Since this case involves speaking rather than voting, Plaintiffs must show state action.

Plaintiffs claim that *Ex parte Yarbrough*, 110 U.S. 651 (1884), disproves this theory. That is not so, because *Yarbrough* involved voting, not speaking. In that case, members of the Ku Klux Klan "beat, bruised, wounded, and otherwise maltreated" "a citizen of African descent" in order to deter him from "the exercise of his right to vote for a member of the congress." *Id.* at 657. The Court upheld the application of the statute to this private action, explaining that Congress had the "power to provide for preventing violence exercised on the voter as a means of controlling his vote." *Id.* at 658; *see id.* at 661 ("power … to protect the act of voting, the place where it is done, and the man who votes from personal violence or intimidation"). Later Supreme Court opinions confirm that *Yarbrough* rests on the premise that the right to vote, unlike the right to speak, is protected even against private action. *See, e.g.*, *United States v. Williams*, 341 U.S. 70, 77 (1951) (plurality opinion) ("The right of citizens to vote in congressional elections … may obviously be protected by Congress from individual as well as from state interference. *Ex parte Yarbrough*, 110

U.S. 651. On the other hand, we have consistently held that the category of rights which Congress may constitutionally protect from interference by private persons excludes those rights which the Constitution merely guarantees from interference by a State"); *United States v. Guest*, 383 U.S. 745, 771 (1966) (Harlan, J., concurring in part) ("In *Ex parte Yarbrough*, … the Court held that implicit in the Constitution is the right of citizens to be free of private interference in federal elections").

Plaintiffs cite three further cases that supposedly disprove the existence of a state-action requirement in § 1985(3). All of these cases—decided in a preliminary-injunction or temporary-restraining-order posture—are inapposite, because they all involve voting rather than speaking. In *Arizona Democratic Party v. Arizona Republican Party*, 2016 WL 8669978, at *1 (D. Ariz. Nov. 4, 2016), the court addressed an alleged "call for the intimidation of voters in [the] presidential election." In *North Carolina Democratic Party v. North Carolina Republican Party* (M.D.N.C. May 18, 2018) (Dkt. 57-2), the court addressed an alleged effort to "intimidat[e] voters" by "[using] unofficial poll watchers," "monitoring polling places," "gathering [near] a polling place," and "photographing or otherwise intimidating voters." And in *Daschle v. Thune* (D.S.D. Nov. 2, 2004) (Dkt. 57-3), the court addressed alleged "intimidation of prospective Native American voters" that supposedly threatened to deny a "minority" "an opportunity to vote." These cases are thus consistent with the interpretation of § 1985(3) defended by the Campaign.

## CONCLUSION

The Court should grant the motion to dismiss.

Dated:  May 24, 2018

Jeffrey Baltruzak (PA Bar No. 318156)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
jbaltruzak@jonesday.com

Respectfully submitted,

/s/ Michael A. Carvin

Michael A. Carvin (DC Bar No. 366784)
  *Counsel of Record*
Vivek Suri (DC Bar No. 1033613)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com
vsuri@jonesday.com

*Counsel for Donald J. Trump for President, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROY COCKRUM, ET AL.,

*Plaintiffs,*

v.

DONALD J. TRUMP FOR PRESIDENT, INC.
ET AL.,

*Defendants.*

Case No. 1:17-cv-1370-ESH

## ORDER

The Court grants the Campaign's motion for leave to file a supplemental memorandum in support of the motion to dismiss. The proposed supplemental memorandum, which the Campaign filed as an exhibit to its motion for leave, is deemed filed.

Dated: ___

_____
The Hon. Ellen Segal Huvelle
United States District Court Judge