**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROY COCKRUM, ET AL.,

        *Plaintiffs*,

    v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
ROGER STONE,

        *Defendants*.

Case No. 1:17-cv-1370-ESH

**DEFENDANT ROGER STONE'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL
DISCOVERY AND MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

L. Peter Farkas
(DDC Bar No. 52944)
HALLORAN FARKAS & KITTILA, LLP
1101 30TH STREET, NW
SUITE 500
WASHINGTON, DC 20007
(202) 559-1700
PF@HFK.LAW

Grant J. Smith**
(FL Bar No. 935212)
STRATEGYSMITH, P.A.
401 EAST LAS OLAS BOULEVARD
SUITE 130-120
FORT LAUDERDALE, FL 33301
(954) 328-9064
GSMITH@STRATEGYSMITH.COM

Robert C. Buschel**
  *Counsel of Record*
(FL Bar No. 0063436)
BUSCHEL GIBBONS, P.A.
ONE FINANCIAL PLAZA – SUITE 1300
100 S.E. THIRD AVENUE
FORT LAUDERDALE, FL 33394
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*

Defendant Roger Stone ("Stone") respectfully files this response to Plaintiffs' motion for leave to conduct limited jurisdictional discovery, ECF No. 62.

Dated: May 31, 2018

L. Peter Farkas
(DDC Bar No. 52944)
HALLORAN FARKAS & KITTILA, LLP
1101 30TH STREET, NW
SUITE 500
WASHINGTON, DC 20007
(202) 559-1700
PF@HFK.LAW

Grant J. Smith**
(FL Bar No. 935212)
STRATEGYSMITH, P.A.
401 EAST LAS OLAS BOULEVARD
SUITE 130-120
FORT LAUDERDALE, FL 33301
(954) 328-9064
GSMITH@STRATEGYSMITH.COM

Robert C. Buschel**
  *Counsel of Record*
(FL Bar No. 0063436)
BUSCHEL GIBBONS , P.A.
ONE FINANCIAL PLAZA – SUITE 1300
100 S.E. THIRD AVENUE
FORT LAUDERDALE, FL 33394
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*
(*\*\* admitted pro hac vice*)

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ iii

Introduction …………………………………………………………………...……………1

I.   BECAUSE PLAINTIFFS FAILED TO ALLEGE ROGER STONE JOINED THE CONSPIRACY INJURING PLAINTIFFS; PLAINTIFFS FAILED TO ALLEGE PERSONAL JURISDICTION, AND DO NOT JUSTIFY JURISDICTIONAL DISCOVERY. ………………………………………………………………………1

II.  PLANTIFFS HAVE REQUESTED NOT SO "LIMITED" DISCOVERY………..8

Conclusion……………………………………………………………………………….9

Certificate of Service ………………………………………………………………………9

**TABLE OF AUTHORITIES**

**Cases**

*Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34 (D.D.C. 2003)………..…………………..4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................3

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,

137 S. Ct. 1773 (2017)…………………………………………………………………………8

*Clinton v. Jones*, 520 U.S. 681…………………………………………………………………..8

*Crane v. Carr,* 814 F.2d 758 (D.C. Cir. 1987). …………………………………………………..4

*Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415 (D.C. Cir. 1991). …………………….4

*FC Inv. Group LC v. IFX Markets, Ltd.,* 529 F.3d 1087 (D.C. Cir. 2008) ……………………….1

*Graves v. United States*, 961 F. Supp. 314 (D.D.C. 1997) ……………………………………….3

*Greenspun v. Del E. Webb Corp*., 634 F.2d 1204 (9th Cir.1980) ……………………………. 5

*Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir.1975) ………………………5

*McLaughlin v. McPhail*, 707 F.2d 800 (4th Cir.1983) …………………………………………..5

*Kotteakos v. United States*, 328 U.S. 750 (1946). ………………………………………………..2

*Naartex Consulting Corp. v. Watt,* 722 F.2d 779 (D.C. Cir. 1983) …………………………….5

*Rush v. Savchuk,* 444 U.S. 320 (1980). ……………………………………………………………4

*Second Amendment Found. v. U.S. Conf. of Mayors,* 274 F.3d 521 (D.C. Cir. 2001)………. 1, 4

*Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446 (3d Cir. 2003). …………………..……..8

*United States v. Nixon*, 418 U.S. 683 (1974) ……………………………………………..……..8

*United States v. Tarantino,* 846 F.2d 1384 (D.C. Cir. 1988) ……………………………………2

*Walden v. Fiore* 134 S. Ct. 1115 (2014). …………………………………………………..5

**Statutes and Other Authorities**

Amend VI, U.S. Const.………………………………………………………………………..8

D.C. Code §13-423(a)(1) ……………………………………………………………………. 2

D.C. Code §13-423(a)(3) …………………………………………………………………..2

## INTRODUCTION

Jurisdictional discovery cannot cure what ails this amended complaint. Ten-months into the litigation of this case, Plaintiffs, post-hearing on Defendants' motions to dismiss, request this Court to engage in "limited" discovery to support allegations of personal jurisdiction in this case. This limited discovery includes interrogatories, production of documents, and an unspecified, and presumably, unlimited list of witnesses to be deposed. Such an expansive request at this procedural point is inappropriate and late.[1] The District Court has been comprehensively briefed and the parties were granted a full and complete opportunity to be heard during four hours of hearing time on May 17, 2018. The allegations are insufficient to justify jurisdictional discovery. Additionally, the same reason this Court must dismiss Plaintiffs' substantive causes of action, is the same reason it cannot grant limited discovery to allow them to attempt to jump the procedural hurdle of personal jurisdiction in the District – Roger Stone did not join the conspiracy that is alleged to have injured Plaintiffs.

I.  **BECAUSE PLAINTIFFS FAILED TO ALLEGE ROGER STONE JOINED THE CONSPIRACY INJURING PLAINTIFFS; PLAINTIFFS FAILED TO ALLEGE PERSONAL JURISDICTION, AND DO NOT JUSTIFY JURISDICTIONAL DISCOVERY.**

"It is well established that the 'district has broad discretion in its resolution of discovery problems.'" *FC Inv. Group LC v. IFX Markets, Ltd.,* 529 F.3d 1087, 1089 (D.C. Cir. 2008) (citations omitted). In order to obtain jurisdictional discovery, Plaintiffs must have at least "a good faith" belief that such discovery will show the court it has personal jurisdiction over the

---

[1] While the Court has not ruled on the motions to dismiss, Plaintiffs request for discovery should be denied on the ground of untimeliness. *Second Amendment Found. v. U.S. Conf. of Mayors,* 274 F.3d 521, 525 (D.C. Cir. 2001).

defendant. *Id.* (citation omitted). "Such a request for jurisdictional discovery cannot be based on mere conjecture or speculation." *Id.* (citation omitted). Plaintiffs, at the May 17 hearing, argued to the Court that "co-conspirator liability" extends personal jurisdiction over Roger Stone.

There is no co-conspirator theory of personal jurisdiction as it pertains to D.C. Code §13-423(a)(1) (transacting business in the district). *Id.* at 1096. There is only an agency theory. *Id.* Stone had to be an agent of the Campaign, not the Campaign was an agent of Stone. As explained further below, Roger Stone did not join the dissemination of emails conspiracy and he did not transact any business in the District relating to any conspiracy. Thus, subsection (a)(1) theory is inapplicable. *Id.*

"For 'conspiracy' jurisdiction under subsection (a)(3), the plaintiff must allege (1) the existence of a civil conspiracy ..., (2) the defendant's participation in the conspiracy, and (3) an overt act by a co-conspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy." *Id.* at 1096. Focusing on Roger Stone alone, Plaintiffs failed to allege the existence of a conspiracy and his participation in the conspiracy. If the Court accepts, as Plaintiffs occasionally agrees, that this conspiracy must be limited to dissemination of their emails only, there is no overt act in the forum in furtherance of that conspiracy. *See id.*

The Court should keep in mind that Plaintiffs allege a "chain" conspiracy, not a wheel conspiracy. (Opp. Motion to Dismiss, ECF No. 25 at 29). *See United States v. Tarantino,* 846 F.2d 1384, 1392 (D.C. Cir. 1988); *Kotteakos v. United States*, 328 U.S. 750, 755 (1946). Plaintiffs alleged Roger Stone joined a conspiracy where Russians hacked, stole DNC emails, transferred the emails to WikiLeaks, which disseminated Plaintiffs' emails that were on the DNC server; not that Stone created his own separate conspiracy that aided the Campaign's overall unlawful objective. Roger Stone, therefore, according to Plaintiffs, has sufficient contacts with

2

the District from co-conspirator liability. While at times, Plaintiffs seem to agree that they are limited to only a dissemination conspiracy, they seem to broaden the conspiracy to the hacking, stealing, and transfer of the emails. (Motion at 9). This is important because Roger Stone is not alleged to have joined the conspiracy to disseminate Plaintiffs' emails – the only actionable conspiracy. (*See* ECF No. 44-1, illustration); *See also Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (citation omitted) (nexus between act and only injury to plaintiffs in § 1985(3) cases). If the conspiracy is limited to dissemination of Plaintiffs' emails, then only the Campaign could ever possibly be a co-conspirator that may be able to provide contacts in the District. WikiLeaks disseminated emails, but not from inside the District. Without being a part of the relevant conspiracy he cannot be liable for the overt acts of others. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007). Stone cannot be liable for the contacts purported co-conspirators have within the District. The Court, for the very same reason cannot extend personal jurisdiction over Roger Stone. And, therefore, jurisdictional discovery is futile.

     Plaintiffs claim they have alleged specific acts in furtherance of a conspiracy in the District. (Motion at 10). But the conspiracy they are referring to has to be broader than dissemination since it cites to the "foreign policy team" meetings of the campaign and an email by Paul Manafort to a Russian oligarch. (Motion at 11). Roger Stone was not alleged to be a member of the "foreign policy team" and he did not meet with any Russians or email any oligarchs. Even if the above conduct is sufficient to be considered overt acts, Plaintiffs do not answer: overt acts in furtherance of a conspiracy to do what? And more importantly, when did Roger Stone join the conspiracy? These facts needed to be alleged before Plaintiffs are permitted to embark on a discovery expedition.

It is clear that most of the allegations against Roger Stone are conducted outside the District and dated after Plaintiffs' alleged injuries through dissemination of emails – July 22, 2016. No amount of jurisdictional discovery can save this. Plaintiffs plead "Defendants" did this, but fail to articulate with specificity what Roger Stone did to join the dissemination conspiracy. ". . .[P]laintiff[s] cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003) (citing *Rush v. Savchuk,* 444 U.S. 320, 331–32, (1980)). This is what Plaintiffs have consistently done in an attempt to sufficiently allege conspiracy and personal jurisdiction. Indeed, this is what they believe they are doing. (Motion at 5). But this is insufficient, and doubly so, when the attempt to prove conspiracy and jurisdiction with alleged overt acts are just words, *i.e.* advice to WikiLeaks. *See Second Amendment Found. v. U.S. Conf. of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001); *Crane v. Carr,* 814 F.2d 758 (D.C. Cir. 1987).

Plaintiffs further did not allege and have not advised this Court the start or the end of the relevant conspiracy. This may be because Plaintiffs do not believe they are required to do so. As stated at the May 17 hearing, Plaintiffs do not have to illustrate the contours of the conspiracy. But Plaintiffs have blurred the what, where, when, and how of the alleged conspiracy. These questions must be answered before the Court permits what would turn into unlimited "limited" jurisdictional discovery. Regardless, jurisdictional discovery will not clarify the insufficient allegations made by Plaintiffs.

Plaintiffs rely on *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) to support their motion for jurisdictional discovery. Plaintiffs have not provided any declarations suggesting the plausibility of personal jurisdiction over Roger Stone like in *Edmond.*

Plaintiffs did not allege at the foreign policy meetings is where the conspiracy to disseminate Plaintiffs' emails began or continued. Just the bald regurgitation that Roger Stone is a "dirty-trickster" and well-known "prankster" does not make him a co-conspirator. Such a conclusory statement does not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 787–88 (D.C. Cir. 1983) (citing *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir.1983) ("bare allegation" of "fraudulent conspiracy" insufficient); *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 n. 5 (9th Cir.1980) ("a plaintiff must allege specific acts connecting defendant with the forum"); *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir.1975) ("the bland assertion of conspiracy or agency is insufficient to establish [personal] jurisdiction"). In short, no amount or type of jurisdictional discovery can create the necessary interplay among the litigation, the District, and Stone. *See Walden v. Fiore* 134 S. Ct. 1115, 1126 (2014).

II. **PLANTIFFS HAVE REQUESTED NOT SO "LIMITED" DISCOVERY.**

As explained throughout Roger Stone's briefs to the court, he does not believe the amended complaint sufficiently alleges the District has personal jurisdiction over him. In any case, the Court ordered the Defendants to review the type and scope of discovery requested by Plaintiffs. (Minute Order, Amended, May 25, 2018). When the scope of discovery is thus limited to the jurisdictional question presented, it is clear that the discovery Plaintiffs seek is fatally overbroad. Plaintiffs seeks a universe of documents and no limit on depositions.

Plaintiffs, outside of Rule 26(a) discovery. have requested interrogatories, production of documents, and depositions. Rule 26 discovery is simple enough and if Rule 26 discovery were allowed, Roger Stone could answer without much effort. The interrogatories requested information about conduct in which Roger Stone did not participate, so answering these

questions would also not be a great burden. (Motion at 16). Roger Stone also has no materials relating to March 31, 2016 or April 27, 2016 meetings. (Motion at 17). As a broad proposition, Stone does not have any materials relating to any other meetings, discussions, or other actions by agents of the Trump Campaign in the District of Columbia in which any form of assistance by Russia or Russian agents were discussed or facilitated. (Motion at 17).  Stone could respond to request for documents relating to other "Relevant Forum Contacts."

Proposed limited discovery depositions, is a whole other matter. Plaintiffs have suggested no limits on the scope or number of depositions. Below is a photograph of the March 31, 2016 foreign policy meeting of the Campaign. (Am. Compl. ¶ 95).  There are twelve people, and an unknown number of people off-camera, in that room that Plaintiffs will likely argue can support their claim for personal jurisdiction. But it is not alleged that at this meeting any of these people discussed dissemination of Plaintiffs' or the DNC's emails.



Plaintiffs presumably would seek to depose George Papadopoulos. (Am. Compl. ¶¶ 94, 95). Papadopoulos is encouraged under his plea agreement with the Special Counsel to cooperate with its investigation. (plea agreement, Case No. 17-cr-00182-RDM, ECF No. 18 at 4, ¶ 6). He is pending sentencing. If Plaintiffs seek to depose him even for the limited purpose of attempting to establish personal jurisdiction over the Defendants in this civil case, the Special Counsel would likely intervene and move the Court to stay or seek some form of protective order. Even if the Court were to deny intervention and motions barring compliance with the subpoena, the logistics of scheduling and conducting his deposition would be onerous.[2]

Next witness of note is Jeff Sessions, the Attorney General of the United States. He was the "chair of the Campaign's national security advisory committee." (Am. Compl. ¶¶ 35, 36). Plaintiffs view Attorney General Sessions as a key witness in establishing personal jurisdiction. (Am. Compl. ¶¶ 36, 96, 101, 147, 196). Purportedly, Mr. Sessions is a witness in the Special Counsel's investigation. If this is true, then the Office of the Special Counsel would likely respond to a subpoena to the Attorney General regarding personal jurisdiction in a civil action regarding "Russian collusion," in the same fashion as a subpoena for Papadopoulos. Additionally, the Department of Justice, no doubt, would object to the Attorney General's deposition being taken on several grounds, the least of which will be he has little testimony about personal jurisdiction or this case. The logistics for taking this deposition would be cumbersome as well.

---

[2] Plaintiffs cite to Michael Flynn, former National Security Advisor. (Motion at 12 n. 9). He too has pled guilty and is pending sentencing. (plea agreement, 17-cr-232-RC, ECF No. 3 at 4, ¶ 6). The same legal and logistical issues exist for him also.

Lastly, the now President of the United States was present at that meeting. The Campaign is a defendant in this case, not Donald Trump.[3] While taking Mr. Trump's deposition might be a key objective of Plaintiffs' case, attempting to satisfy personal jurisdiction in a civil action, is not a compelling reason to subpoena a President.  In addition to the response from the Special Counsel, the White House, and the President's personal lawyers, would entangle this case in a litigious swamp that would be protracted in to the Campaign of 2020.[4] We also do not know precisely the Special Counsel's timeframe or its objectives.

Roger Stone is an individual. He is not a sponsored litigant like Plaintiffs and he does not have the resources of the Republican campaign for president. The District Court has the discretion to deny limited discovery. *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 455 (3d Cir. 2003). The Court can also consider the burden of the litigation on the defendant, one of the underlying reasons why Courts are compelled to analyze personal jurisdiction over nonresident defendants. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017).  Participating in numerous depositions, around the country, would be an unfair litigation expense, in light of the weak jurisdictional and

---

[3] There is precedent for the President testifying in criminal cases as a witness.  "Criminal proceedings, unlike private civil proceedings are public acts initiated and controlled by the Executive Branch. . . they are not normally subject to postponement." *Clinton v. Jones*, 520 U.S. 681, 718 (1997) (Breyer, J.,) (concurring) (citing *United States v. Nixon*, 418 U.S. 683, 693-696 (1974); Amend VI, U.S. Const. Perhaps a president would be granted more leeway to resist a subpoena in a civil action where the president is a witness.

[4] ". . . [O]ur decision rejecting the immunity claim and allowing the case to proceed does not require us to confront the question whether a court may compel the attendance of the President at any specific time or place." *Clinton* , 520 U.S. at 691.

substantive claims against Roger Stone. Conceivably, a magistrate or special master would have to be appointed to attend these depositions. This is added expense and adds logistic difficulties.

Plaintiffs have not made a prima facie case of jurisdiction; nor, have they made a plausible claim that any of the unnamed witnesses would have any information that would place Roger Stone or the Campaign in the District to discuss the specific harm alleged by the Plaintiffs. None of these witnesses are alleged to even know or communicated with Roger Stone. Limited discovery would develop into full-blown discovery on the merits.

## CONCLUSION

Limited discovery in the hopes of proving personal jurisdiction over Roger Stone will be neither limited nor offer any evidence of sufficient contacts to the District. Embarking on a discovery path of interrogatories, production, and depositions, will be a life consuming process for Roger Stone. All set out to prove what Plaintiffs failed to sufficiently allege – a conspiracy that included Stone's involvement in the conspiracy to injure Plaintiffs in this District, not Plaintiffs' political objectives. The District Court should dismiss Roger Stone for lack of personal jurisdiction, then the tort and civil rights conspiracy claims as a matter of law.

Dated: May 31, 2018                    Respectfully submitted,

/s/ Robert Buschel
Robert C. Buschel

L. Peter Farkas                         Robert C. Buschel**
(DDC Bar No. 52944)                     *Counsel of Record*
HALLORAN FARKAS & KITTILA, LLP          (FL Bar No. 0063436)
1101 30TH STREET, NW                    BUSCHEL GIBBONS, P.A.
SUITE 500                               ONE FINANCIAL PLAZA – SUITE 1300
WASHINGTON, DC 20007                    100 S.E. THIRD AVENUE
(202) 559-1700                          FORT LAUDERDALE, FL 33394
PF@HFK.LAW                              (954) 530-5301
                                        BUSCHEL@BGLAW-PA.COM

Grant J. Smith**
(FL Bar No. 935212)
STRATEGYSMITH, P.A.
401 EAST LAS OLAS BOULEVARD
SUITE 130-120
FORT LAUDERDALE, FL 33301
(954) 328-9064
GSMITH@STRATEGYSMITH.COM

*Counsel for Roger Stone*

**CERTIFICATE OF SERVICE**

I certify that on May 31, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

/s/ Robert Buschel
Robert C. Buschel
*Counsel for Roger Stone*